UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tasha Chapman,

    Plaintiff,                                  Case No. 2:22-cv-2524

    v.                                         Judge Michael H. Watson

Franklin County Sheriff, *et al.*,         Magistrate Judge Litkovitz

    Defendants.

## ORDER

Magistrate Judge Litkovitz issued a Report and Recommendation ("R&R") on June 24, 2022, recommending the Court dismiss all of Plaintiff's claims other than her official-capacity claims against the Franklin County Sheriff ("the Sheriff"). R&R, ECF No. 4. The R&R notified Plaintiff of her right to object to the recommendations contained therein and that the failure to object may forfeit appellate rights. *Id.* at 10. The deadline for objecting has passed, and Plaintiff did not file objections.

Accordingly, and without conducting a *de novo* review, the Court **ADOPTS IN PART** the R&R. The Court **DISMISSES** all of Plaintiff's claims against the Franklin County Correctional Center, II and John and Jane Doe. The Clerk is **DIRECTED** to terminate those parties as defendants in this case.

Plaintiff asserts the following eight claims against the Sheriff: (1) First Amendment; (2) Fourteenth Amendment; (3) Eighth Amendment; (5)[1] Religious Land Use and Institutionalized Persons Act; (6) Fair Housing Act; (7) state-law intentional infliction of emotional distress; (8) Americans with Disabilities Act; and (9) Fair Housing Act.  The Court doubts the Complaint states a claim[2] for all eight causes of action, and this case should not proceed past the initial screening stage on any cause of action for which Plaintiff fails to state a claim.  Therefore, the Court **RECOMMITS** this matter to the magistrate judge for specific consideration of whether Plaintiff has plausibly alleged *each* of the above claims against the Sheriff.  The R&R shall make clear which of these claims are sufficiently alleged and which should be screened out under § 1915A because it fails to state a claim or seeks money damages from a defendant immune from such damages.

      **IT IS SO ORDERED.**

                           ____*/s/ Michael H. Watson*____
                           **MICHAEL H. WATSON, JUDGE**
                           **UNITED STATES DISTRICT COURT**

---

[1] The Complaint skips from the "Third Cause of Action" to the "Fifth Cause of Action." Compl. 7–8, ECF No. 3.

[2] By way of example and not limitation, the viability of Plaintiff's RLUIPA claim is unclear; she alleges she has been released from jail, and she cannot recover damages under RLUIPA.  See *Pleasant-Bey v. Shelby Cty.*, No. 18-6063, 2019 WL 11769343, at *3 (6th Cir. Nov. 7, 2019).