# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

TASHA CHAPMAN,                                    Case No. 2:22-cv-2524
      Plaintiff,                                Watson, J.
                                                 Litkovitz, M.J.

      vs.

FRANKLIN COUNTY SHERIFF, et al.,                 **REPORT AND**
      Defendants.                               **RECOMMENDATION**

Plaintiff, a resident of Columbus, Ohio, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 arising out of her pretrial detention at the Franklin County Correctional Center II (also known as the Jackson Pike Correction Center II or JPCC II).  (Doc. 3).  The undersigned issued an Order and Report and Recommendation, recommending that plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of plaintiff's First Amendment claim against the Franklin County Sheriff in his official capacity. (Docs. 4, 7).  The District Judge adopted the undersigned's report and recommendation on August 15, 2022.  (Doc. 12).

On November 28, 2022, the Court issued a notice of a telephone status/scheduling conference to be held on Monday, February 27, 2023, at 3:00 p.m.  (Doc. 16).  Remaining defendant Franklin County Sheriff appeared at the conference through counsel; plaintiff did not.  The Court attempted to call plaintiff at the telephone number she provided, but plaintiff did not answer.  (Doc. 19).  The Court scheduled a follow-up telephone conference for Monday, May 1, 2023, at 4:00 p.m. and advised plaintiff that as a party to this lawsuit, she was required to attend all conferences and other matters in which she received notice.  (*Id*.).  On May 1, 2023, the Court held a telephone status conference where remaining defendant Franklin County Sheriff appeared at the conference through counsel; plaintiff did not.  (*See* 05/01/2023 docket entry).

At the May 1, 2023 status conference, counsel for defendant informed the Court that they served initial discovery requests on plaintiff on March 20, 2023, and received no response. Thereafter, counsel for defendant called plaintiff at her last known telephone number to schedule a deposition, but plaintiff's phone number was disconnected and not in service.  Counsel for defendant stated they mailed a notice of deposition to plaintiff on April 13, 2023, informing plaintiff that counsel for defendant intended to take plaintiff's deposition at 10:00 a.m. on April 26, 2023 at the Franklin County Prosecutor's Office, 373 S. High St., 13th Floor, Columbus, Ohio 43215.  (Doc. 21).  The notice stated that plaintiff must confirm her appearance or reschedule the deposition before the close of the business day on April 24, 2023.  (*Id*.).  Plaintiff did not appear for her duly noticed deposition and did not contact counsel confirming her appearance or asking to reschedule the deposition.

On May 2, 2023, the Court issued an Order to plaintiff to show cause, in writing and within fifteen days of the date of its Order, why the Court should not dismiss this case for failure to prosecute.  (Doc. 22).  The Order notified plaintiff that failure to comply with the terms of the Order could result in a recommendation to the District Judge that this action be dismissed.  (*Id*.).  To date, more than 15 days later, plaintiff has not filed a response to the Order to Show Cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)).  Plaintiff's failure to appear at the February 27 and May 1, 2023 status conferences, to participate in the discovery process, and to respond to the Order to Show Cause (Doc. 22) warrants exercise of the Court's inherent power and dismissal of this case pursuant to

2

Fed. R. Civ. P. 41(b) for failure to prosecute this matter.  *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

## IT IS THEREFORE RECOMMENDED THAT:

1.  This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 5/22/2023

Karen L. Litkovitz
Chief United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

TASHA CHAPMAN,                                    Case No. 2:22-cv-2524
      Plaintiff,                              Watson, J.
                                                 Litkovitz, M.J.

      vs.

FRANKLIN COUNTY SHERIFF, et al.,
      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).